IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LOUIS ARELLANES, § | |
|     Plaintiff, § | |
| § | |
| v. § | EP-14-CV-119-KC-RFC |
| § | |
| CAROLYN W. COLVIN, ACTING § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION § | |
|     Defendant. § | |

**ORDER GRANTING DEFENDANT'S MOTION TO REVERSE AND REMAND**

    This is a civil action seeking judicial review of an administrative decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability benefits under Titles II or XVI of the Social Security Act. 42 U.S.C. § 423(d), 1382c. Defendant has filed an unopposed motion to remand pursuant to sentence six of 42 U.S.C. § 405(g), upon which this Court's jurisdiction is predicated. (Doc. 13)

    Section 405(g) permits the Court to remand a case to the Commissioner for further administrative action. The sixth sentence provides:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g). The Court may remand a matter where there is new evidence not available at

the time of the ALJ's decision, and obtaining such information may change the determination of plaintiff's application.

In this case, Plaintiff submitted additional evidence to the Agency, treatment notes from Plaintiff's chiropractor, which neither the ALJ nor the Appeals Council had considered. The Agency believes this evidence constitutes new and material evidence and the Appeals Council has concluded that the issues in the case require further administrative development. (Doc. 13:2) The Appeals Council will instruct the ALJ to consider the additional evidence submitted, reconsider the severity of Plaintiff's left shoulder impairment, reevaluate Plaintiff's subjective complaints, reassess Plaintiff's maximum residual functional capacity, offer Plaintiff an opportunity for another hearing, and issue a new decision. *Id*.

After reviewing the Defendant's motion in the instant case, and noting that Plaintiff's attorney, Jacqueline F. Nel, does not oppose the motion, the Court finds that the motion is meritorious and should be granted.

It is therefore **ORDERED** that the Commissioner's decision denying benefits is **REVERSED** and the cause **REMANDED** to the Commissioner for further administrative action.

**SIGNED** and **ENTERED** on June 24, 2014.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE